UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RUSSELL V ROUNBEHLER, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 25-12877-ADB |
| | * | |
| UNITED STATES OF AMERICA, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

    Plaintiff Russell Rounbehler, who is representing himself, brings this action against the United States of America, Lahey Clinic, and the Commonwealth of Massachusetts, alleging that the defendants had a radio device placed in his brain without his knowledge or consent. Rounbehler has also filed a motion for leave to proceed in forma pauperis and a motion for a temporary restraining order. For the reasons set forth below, the Court DISMISSES this action.

**I.    Rounbehler's Claims**

Rounbehler's statement of his claim consists of the following:

> The Plaintiff during the cover of a plastic surgery had a RF silicone device placed on his right orbit and is used to monitor thoughts, sight, hearing, brain function and can be used to send in audio [and] best described as video to harass, torture, in violations of constitutional rights and further defendants have used the device to profit as well as law enforcement and can't have fair legal [representation].

Compl. at 4 (capitalization and punctuation standardized). Rounbehler wants the defendants to (1) "stop using a[n] RF signal device, placed on his orbit and brain without his knowledge"; (2) "stop interfering this his personal affairs"; and (3) "immediately surrender access to the device to plaintiff." Id.

**II.      Discussion**

The Court has inherent authority to dismiss a frivolous action without giving prior notice to the plaintiff. See Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985) ("We long ago recognized 'the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings.'" (quoting O'Connell v. Mason, 132 F. 245, 247 (1st Cir. 1904))). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff or the importance of the claim to the plaintiff. Rather, in legal parlance, a complaint is "frivolous," if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In other words, the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

Here, Rounbehler's allegations that a device was placed in his brain "to monitor thoughts, sight, hearing, brain function," and to harass and torture him lack an arguable basis in fact. See, e.g., Farrell v. Brady, 782 Fed. App'x 226, 227-28 (3d Cir. 2019) (per curiam) (holding that sua sponte dismissal of complaint as frivolous was warranted because the plaintiff's factual allegations "regarding the non-consensual implantation of radiofrequency devices . . . [were] fanciful"); Polynice v. United States, 777 Fed. App'x 524, 524 (D.C. Cir. 2019) (per curiam) (upholding dismissal of complaint as frivolous where plaintiff's claims "include[d] allegations that government agents implanted a thought-monitoring device in his body"). Because amendment of the complaint would be futile, the Court dismisses this action sua sponte. See Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 22-23 (1st Cir. 2014).

### III.     Conclusion

In accordance with the foregoing, the Court hereby orders that this action be DISMISSED as frivolous.  The motions for leave to proceed in forma pauperis and for a temporary restraining order shall be terminated as moot.

    IT IS SO ORDERED.


October 8, 2025                                    /s/ Allison D. Burroughs
                                                ALLISON D. BURROUGHS
                                                U.S. DISTRICT JUDGE